Ruffin, Chief Justice,
 

 after stating the case as above, proceeded: — The counsel for the plaintiffhas insisted here upon the objection taken in the Superior Court; and also that the entry in the transcript is not such a judgment as bars a second action, but is only in the nature of a nonsuit. Upon the first point it is argued, that although the judgment of the Court of another state, is conclusive evidence in this, yet it is so only as to those matters of which it is conclusive in the state in which it was rendered; of which
 
 *365
 
 our Courts cannot take notice judicially, but that evidence is to be given, which, as in other cases of foreign law, must be submitted to the jury, as upon a question of fact.
 

 Whatever difficulties the Courts of one state may find as to the mode or means of ascertaining the effect of the orders, or the operation of the adjudications of the Courts of another state, it is now deemed settled law, that it is not the province of the jury. No issue can be made upon such a record, which will bring that question before the jury. It may be, that the Courts must take judicial notice of the laws of the sister states to this purpose, and to this extent, aiding themselves with such lights from books, or the opinions of the professors of the law of the state from which the record comes, as they can obtain. It may also be, that, from necessity, a new rule of evidence must be adopted, whereby testimony may be taken, and addressed on this point to the Court, and not to the jury. But since the case of
 
 Mills
 
 v. Dyngae 7, Cranch’s Rep. 484, reviewed and
 
 affirmed in Mayhew v. Thatcher,
 
 6 Wheat. Rep. 129,
 
 nul tiel\ecmf
 
 is the only^Jtea or replication, when a record fronjfc^(j^pr^|^g||^|l&lared on, or pleaded in bar; and it is* put on the footing, not of a foreign judgment, but of Upon that plea, the Court, an^jiot the jur^passes, and judges upon inspection. T hei^tfuction prayed was therefore improper, in the opinion of the Court. For the same reason, however, the whole proceeding upon the trial must be pronounced erroneous. The only issue passed on by the jury, was that arisingupon this pleaofformerjudgment; and that was an issue not put to the country, but to the Court, and not adjudged in the record by the Court. The transcript sent to this Court does not set forth at large the plaintiff’s replication; and we must therefore presume it to be the general one, according to the loose practice in which the profession will indulge themselves. To a plea of former judgment, there may be two replications; the one
 
 nul tiel record,
 
 which is in the nature of the general issue; and the other, confessing and avoiding the record, and denying that it was for the same cause of action; or the plaintiff may new assign. 3 Chitty’s PI. 1213. 1157. 929,
 
 *366
 
 note.
 
 Seddon
 
 v.
 
 Tutop,
 
 6 Term Rep. 607. The plea is necessarily, that the two actions are for the same causes, anc[ tenders an issue either upon the record, or the identity of the cause of action. But the replication cannot take both issues, as that would make it double; but must be confined to one of them, and thus reduce the controversy to a single point, which can then be decided by the appropriate tribunal. In the case before us, if we could suppose the replication to have been upon the matter of fact, namely, that the actions were for different matters, the issue has been sufficiently found against the plaintiff, and the judgment should be affirmed. But we do not feel authorised by the course of practice, nor by what seems to have been the dispute on the trial, thus to tie down the plaintiff. The Court suppose that
 
 nul tiel record,
 
 must have been replied. If so, the Court ought to have adjudged, that there was, or was not such a record, before the final judgment could properly be given, that the plaintiff should recover, or should take nothing by his writ. It is to be regretted, that the oversight occurred, because the exception states an opinion of the Court, as delivered to the jury, which would doubtless have led to a judgment of the Court upon that issue in favour of the defendant; and thus have directly brought to the review of this Court, the true meaning of the transcript from Virginia, upon which this controvery may ultimately depend. The argument before us has been principally upon this point; and from the terms of this record, the Court is made sensible, how very unsatisfactory to ourselves would be any opinion we could form of the effect of such a proceeding in Virginia— upon which its efficacy here entirely depends. For the plaintiff, it has been contended, that it is not a recovery by him; nor is it a retraxit; but if any thing in the nature of a judicial sentence, that it is a nonsuit. The distinction between a nonsuit and a retraxit is very nice ; . and some respectable modern text writers deem it now a question, whether a judgment of the latter kind, is, more than one of the former, a bar to a second action. 3 Chit. PI. goQ_ j}ut according to our notions in this state, it is not a judgment, either upon a nonsuit or a retraxit; for in each
 
 *367
 
 of them the plaintiff takes nothing by his writ, and the defendant goes without day; while here, the plaintiff does take, upon the confession of the defendant, his costs of suit. But the incongruity is, that he recovers costs in a suit which is dismissed; instead of recovering nominal damages and costs, which would be regular in our law. The question is, whether, as the recovery was only of costs, and not of any of the damages laid in the declaration, the plaintiff is technically barred of those damages. In the present state of our information of the law of Virginia, and of the entries used in her Courts, the Court would have some hesitation in pronouncing this to be or not to be a conclusive bar as a judgment. It appears rather to be a
 
 concord
 
 of record between the parties themselves, than an adjudication. Viewed in that light, perhaps the defendant will have less difficulty in availing himself of it, under another of his pleas, that of accord and satisfaction, than under the estoppel created by the record. However that may be, the question is not, at present, open for this Court; and the judgment of the Superior Court must be reversed, for the error already mentioned, and the caiise sent back, to have the issues made by the pleadings, properly disposed of in the Superior Court.
 

 Pee Curiam. Judgment reversed.